**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
MAXIMINO PEREZ-MORALES,

                Petitioner,              **REPORT AND
RECOMMENDATION**

      - against -

                                            09-CV-0790 (DLI) (JO)

UNITED STATES OF AMERICA,

                Respondent.
----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

      Petitioner Maximino Perez-Morales ("Perez-Morales"), who is currently incarcerated at the Federal Correctional Center in Ray Brook, New York, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket Entry ("DE") 1 ("Petition"). Specifically, Perez-Morales seeks an order directing the Federal Bureau of Prisons (the "BOP") to recalculate his release date, arguing that he should receive credit for time he spent in state custody prior to his removal to federal custody. The Honorable Dora L. Irizarry, United States District Judge, referred the matter to me for a report and recommendation. I now make my report and, for the reasons set forth below, respectfully recommend that the court deny the petition.

I.      <u>Background</u>

      The following undisputed facts are based on Perez-Morales' petition for relief and the Government's opposition papers.[1] On October 20, 2004, Perez-Morales was arrested in Queens, New York, for Promoting Prostitution in the Third Degree in violation of Section 230.25 of the New York Penal Law. While he was in New York state custody awaiting trial for that offense, the Honorable Joan M. Azrack, United States Magistrate Judge, issued a warrant for his arrest. On

---

[1] The government submitted a memorandum of law ("Opp. Memo.") and attached the declaration of BOP Correctional Programs Specialist J.R. Johnson ("Johnson Dec.") and accompanying exhibits. DE 9.

January 25, 2005, he was removed to federal custody pursuant to a writ of habeas corpus *ad prosequendum* and held at the Metropolitan Detention Center in Brooklyn, New York. On April 13, 2005, he pleaded guilty to unlawfully reentering the United States, *see* 8 U.S.C. § 1326, and on September 7, 2005, Judge Irizarry sentenced him to a sixty-month term of imprisonment. At the time of sentencing, Judge Irizarry did not indicate whether this sentence should be served consecutively or concurrently with any state sentence of imprisonment that might be imposed.

New York State retained primary jurisdiction, and the writ *ad prosequendum* was therefore satisfied. On January 24, 2006, the United States Marshals Service returned Perez-Morales to state custody and lodged a detainer with the New York State Department of Correction. On March 1, 2006, Justice Joseph A. Grosso of the Supreme Court of the State of New York, Queens County, sentenced Perez-Morales to a term of imprisonment of two to four years. The court stated that this sentence should "run concurrently" with Perez-Morales' federal sentence. Johnson Dec. Ex. E (Sentence and Commitment). On October 16, 2008, Perez-Morales was released from New York state custody to the Marshals' detainer.[2]

The BOP calculates that Perez-Morales is projected to be released on February 25, 2012, assuming his continued good conduct. That calculation gives Perez-Morales credit against his federal sentence for the time he spent in federal custody on the writ *ad prosequendum*, from January 26, 2005, through January 23, 2006. It does not give him credit for the time he spent in state custody after the writ was satisfied. Dissatisfied with that calculation, on February 9, 2009,

---

[2] Perez-Morales initially states that he was released on October 10, 2008, Petition ¶ 11, but later that he was returned to federal custody on October 28, 2008. DE 1, 8-18 (Discussions & Authority) at 6. However, neither of those dates appears to be correct. The copy of Perez-Morales' Individual Custody and Detention Report Form 129 submitted by the government lists October 16, 2008 as the release date. Johnson Dec. ¶ 10 & Ex. G.

2

Perez-Morales filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[3] He contends that the BOP should be ordered to recalculate his sentence to start on January 25, 2005, the date he was originally removed to federal custody. Petition ¶¶ 13, 15.

II.     Discussion

"A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of the sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The BOP has interpreted this statutory mandate to require that the individual be serving no other sentence at the time of federal sentencing and be in "exclusive federal custody." Johnson Dec. ¶ 11 & Ex. H (Excerpt of Program Statement 5880.28, Sentence Computation Manual) at 1-12. Further, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Because the federal sentencing court did not make any such order, the BOP interpreted Section 3584(a) to require that Perez-Morales' federal sentence run consecutively to his state sentence. Johnson Dec. ¶ 13.

That interpretation is contrary to the case law of this circuit. "[W]here the sentence in question is imposed *prior to* another sentence, the sentencing judge by definition cannot know what sentence will be imposed…. Accordingly, there is no basis to infer any intention as to consecutive or concurrent service from the sentencing judge's silence[.]" *McCarthy v. Doe*, 146 F.3d 118, 122 (2d Cir. 1998).[4] The court thus held that Section 3584(a) does not apply where, as

---

[3] As Perez-Morales is challenging the computation of the length of his sentence, not its legality, his petition is properly brought under 28 U.S.C. § 2241. *Dutton v. U.S. Attorney General*, 713 F. Supp. 2d 194, 197 (W.D.N.Y. 2010) (citing *Levine v. Apker*, 455 F.3d 71, 77-78 (2d Cir. 2006)).

[4] It remains unclear whether the sentencing court "has authority to order that the sentence it is imposing run concurrently with a state sentence that has not yet been imposed." *Abdul-Malik v.*

3

here, the federal sentence is imposed before the state sentence. *Id.* at 122. Instead, the court looked to a different statute, 18 U.S.C. § 3621, which gives the BOP exclusive authority to designate the location of an individual's confinement. *Id.* (citing *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990)).

The court in *Barden* held that when the federal sentence is imposed prior to the state sentence, the BOP has discretion to designate retroactively the state prison as the place of confinement on the federal sentence. 921 F.2d at 478; *see also Abdul-Malik*, 403 F.3d at 75-76. This designation effectively allows the federal sentence to run concurrently with the state sentence. Opp. Memo. at 6. The BOP will exercise its discretion to make such a retroactive designation "only when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system." Johnson Dec. Ex. J. (BOP Program Statement 5160.05); *see also United States v. Benitez*, 2009 WL 4857491, at *2 (S.D.N.Y. Dec. 11, 2009).

The BOP is not required to grant a request for retroactive designation, but must give that request "full and fair consideration." *Abdul-Malik*, 403 F.3d at 76 (citing *McCarthy*, 146 F.3d at 123). In considering such a request, the BOP reviews the following statutory factors: "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence . . .; and (5) any pertinent policy statement issued by the Sentencing Commission …." 18 U.S.C. § 3261(b); *see also Dutton*, 713 F. Supp. 2d at 203. Those factors do not include the preferences of the state court that imposed the later sentence, and the BOP is under no obligation to defer to such a preference. *See Abdul-Malik*, 403 F.3d at 75 (citing *McCarthy* 146 F.3d at 120-21).

---

*Hawk-Sawyer*, 403 F.3d 72, 74-75 (2d Cir. 2005) (discussing a split in the circuits and noting that the question has not been resolved in this circuit).

Here, following *Barden*, the BOP considered Perez-Morales' habeas petition as a request for retroactive designation. Johnson Dec. ¶ 18. Because the sentencing court had not indicated previously whether the sentence should run concurrently with or consecutive to, in accordance with BOP policy, the BOP solicited the opinion of the court. Johnson Dec. ¶ 19; DE 5 (Letter dated May 5, 2009, from BOP to Judge Irizarry). The court did not respond within 60 days and so the BOP considered Perez-Morales' request without the input of the sentencing court. It found that a retroactive designation for Perez-Morales would be inconsistent with the goals of the criminal justice system, basing its determination on the offense committed "coupled with his criminal record and institutional misconduct." Johnson Dec. ¶ 20 & Ex. L (Factors Under 18 USC "3621(b) Worksheet").

Although Perez-Morales has not appealed the BOP's denial of his request,[5] I briefly address whether the BOP properly exercised its discretion. Review of BOP action is "limited to abuse of discretion." *McCarthy*, 146 F.3d at 123. The record shows that the BOP gave "full and fair consideration" to the request. *See Abdul-Malik*, 403 F.3d at 76 (noting that the decision "'is plainly and unmistakably with the BOP's discretion and we cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy.'" (quoting *Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002))). The BOP considered all of the factors listed in Section 3621(b) and "[b]ased on factors 2, 3, and 4," 3621(b) Worksheet, concluded that a retroactive designation in this case would be inconsistent with the goals of the criminal justice system. Johnson Dec. ¶ 20. I further note that there was no prejudice to Perez-Morales by the

---

[5] The government filed its opposition to the Petition on August 2, 2009, after the BOP had denied Perez-Morales' request for a retroactive designation. Perez-Morales filed no additional materials. On September 28, 2010, after Judge Irizarry recommended denial of his request, I offered both parties the opportunity to supplement their positions. Order dated September 28, 2010. Neither party submitted any additional materials.

sentencing court's failure to respond to the BOP's letter within 60 days. On September 27, 2010, the court recommended that the BOP deny his request for a retroactive designation stating: "it is the recommendation of the court that the sentence imposed in this federal matter run consecutively to the sentence imposed on the state conviction." *See United States v. Perez-Morales*, 05-cr-0099 (DLI).

III.  Recommendation

For the reasons set forth above, I respectfully recommend that the court deny the petition for a writ of habeas corpus.

IV.  Objections

I direct the respondent to serve a copy of this Report and Recommendation on the petitioner by certified mail, and to file proof of service no later than April 11, 2011. Any objections to this Report and Recommendation must be filed on the electronic docket no later than April 25, 2011. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

**SO ORDERED.**

Dated: Brooklyn, New York
April 7, 2011

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge